■ In the present matter, however, the record does not disclose that these payments were late. First, contrary to the Commissioner's assertions, there was no two-month period by which the payments had to be made. Rather, within two months of the initial claim, the insurer was required to decide whether and to what extent the claim was valid. After that, a "waiting period" of up to six months was triggered before payment was due, *see, e.g.,* Ingram Micro Policy (RR.127a), and in any event, payment was not mandatory until the insured signed a Certifications and Release Agreement form, which would not occur until after the insurer's decision that the claim was valid. Therefore, while a long delay could, in an appropriate case, give rise to a colorable argument that the payments were preferences, the Commissioner's allegations in the present matter were insufficient to create a genuine issue of fact for summary judgment purposes.[15]

As we find that payments made in the ordinary course of business are not on account of an "antecedent debt" as that term is used in Section 221.30, and that the payments made by Reliance to the Policyholders at issue in this appeal were made in the ordinary course of business, we conclude that the transfers by Reliance to the Policyholders are not preferences, and thus not recoverable by the Commissioner.[16]

The order of the Commonwealth Court is hereby affirmed, albeit for reasons that differ from those utilized by that court. Jurisdiction relinquished.

Chief Justice CASTILLE and Justice SAYLOR, EAKIN, BAER and McCAFFERY join the opinion.

**Alphonse John PRITCHARD, Appellant**

v.

**Jeffrey BEARD, Secretary of Pennsylvania Department of Corrections, Tony Miller, Director of Correctional Industries et al., Appellees.**

Supreme Court of Pennsylvania.

March 18, 2009.

---

parties' prior course of dealings and, to a lesser extent, was consistent with common industry practice, then the ordinary course of business exception will apply and recovery of the preferential transfer will be denied.

*Id.* (quoting *In re Websco, Inc.,* 92 B.R. 1, 3 (1988)).

15. In this respect, it is worth noting that a non-moving plaintiff bears some evidentiary burden to survive a defense summary judgment motion, as this Court has explained:

[a] non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ertel v. Patriot–News,* 544 Pa. 93, 101–02, 674 A.2d 1038, 1042 (1996). *See generally Bill Johnson's Restaurants v. NLRB,* 461 U.S. 731, 745 n. 11, 103 S.Ct. 2161, 76 L.Ed.2d 277 (1983) (offering that when evaluating pre-trial evidence for purposes of the "genuine issue" standard on a motion for summary judgment, courts should use the same standard as is applicable to trial evidence on a motion for a directed verdict); *Ertel,* 544 Pa. at 101, 674 A.2d at 1042 (adopting the federal standard for evaluating whether plaintiff's evidence is sufficient to survive a defense motion for summary judgment).

16. Based upon this conclusion, we need not reach the other arguments made by the Commissioner in this appeal.

## ORDER

PER CURIAM.

**AND NOW,** this 18th day of March, 2009, the Order of the Commonwealth Court is **AFFIRMED.**

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Parris PRIDGEN, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 18, 2008.

Filed Jan. 26, 2009.

David J. Kaltenbaugh, Asst. Dist. Atty., Ebensburg, for Com., appellant.

BEFORE: BOWES, FREEDBERG and POPOVICH, JJ.

OPINION BY FREEDBERG, J.:

¶ 1 The Commonwealth appeals from the order entered on January 7, 2008, by the Honorable Timothy P. Creany, Court of Common Pleas of Cambria County, which granted in part and denied in part the motion to suppress evidence filed by Appellee Parris Pridgen.[1] After review, we affirm.

---

1. The Commonwealth may take an appeal of right from an order that does not end the entire case if the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution. Pa.R.A.P. 311(d); *Commonwealth v.*